IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERFORMANCE AUTO SPA, INC., individually and as the representative of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>CITADEL EQUIPMENT FINANCE CORP. d/b/a BANK CAPITAL DIRECT, and JOHN DOES 1-10,<br><br>Defendants. | Case No. 13-cv-1402 |

## CLASS ACTION COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff, Performance Auto Spa, Inc. ("Performance"), brings this action on behalf of itself and all other persons similarly situated, by and through its attorney, and except as to those allegations pertaining to Performance or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief for its Complaint against Defendants, Citadel Equipment Finance Corp. ("Citadel Equipment") d/b/a Bank Capital Direct, and John Does 1-10.

2. This case challenges Defendants' practice of faxing unsolicited advertisements.

3. The federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500-1500 per violation.

4.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

5.      On behalf of itself and all others similarly situated, Performance brings this case as a class action asserting a claim against Defendants' under the TCPA and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/2.

## PARTIES

6.      Performance is an Illinois corporation and maintains its principal place of business in Hickory Hills, Illinois.

7.      Citadel Equipment is a California corporation and maintains its principal place of business in Tustin, California.

8.      John Does 1-10 are other natural or artificial persons that were involved in the sending of the fax advertisements described below. Performance does not currently know the identity of these natural or artificial persons.

## Jurisdiction and Venue

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Defendants' violation of the TCPA presents a federal question.

10.     This Court has subject matter jurisdiction over the related Illinois state law claim pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants' violation of the TCPA took place in this District.

12. Personal jurisdiction for the related Illinois state law claims exists under 735 ILCS 5/2-209 because Defendants have: (1) committed tortuous acts in Illinois by sending unsolicited fax advertisements to residents of Illinois; and (2) transacted business in Illinois.

## FACTS

13. On or about September 11, 2012, Defendants transmitted by telephone facsimile machine one unsolicited fax advertisement, attached as <u>Exhibit A</u>, to Performance.

14. On or about October 29, 2012, Defendants transmitted by telephone facsimile machine one unsolicited fax advertisement, attached as <u>Exhibit B</u>, to Performance.

15. On or about November 12, 2012, Defendants transmitted by telephone facsimile machine one unsolicited fax advertisement, attached as <u>Exhibit C</u>, to Performance.

16. On or about November 20, 2012, Defendants transmitted by telephone facsimile machine one unsolicited fax advertisement, attached as <u>Exhibit D</u>, to Performance.

17. Although Performance has not kept copies of all similar unsolicited fax advertisements sent by Defendants, it believes that Defendants previously transmitted at least 50 additional and similar unsolicited fax advertisements to Performance during the last four years.

18. Defendants created or made the attached fax advertisements to promote the commercial availability of Citadel Equipment's services.

19. Performance had no established business relationship with Defendants and had not invited or given permission to Defendants' to send it fax advertisements.

20. Upon information and belief, Defendants' faxed the same or similar unsolicited fax advertisements to Performance and more than 39 other recipients without having an

established business relationship and without first receiving the recipients' express permission or invitation. Further, even if Defendants had an established business relationship and received the recipients' express permission or invitation, Defendants' unsolicited fax advertisements did not display a proper opt out notice as required by 64 C.F.R. 1200.

21.     There is no reasonable means for Performance (or any other class member) to avoid receiving unsolicited fax advertisements. Fax machines are left on and ready to receive the communications their owners desire to receive in the course of operating their business.

## COUNT I
## (VIOLATION OF THE TCPA)

22.     Performance realleges paragraphs 1 through 19.

23.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C).

24.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. Section 227(a)(5).

25.     The TCPA, 47 U.S.C. § 227(b)(3), provides:

> (3)     PRIVATE RIGHT OF ACTION. A person or entity may, if otherwise permitted by the laws or rules of a court of a State, bring in an appropriate court of that State:
> (A)     an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B)     an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C)     both such actions.

26.     The Court, it its discretion, can treble the statutory damages if the violation was willful or knowing. 47 U.S.C. § 227.

27. Performance and each class member suffered damages as a result of their receipt of Defendants' unsolicited fax advertisements because they were denied the use of the paper and ink or toner which was consumed to print each unsolicited fax advertisement.

28. Performance and each class member is entitled to statutory damages.

29. Defendants violated the TCPA even if their actions were only negligent.

30. Defendants should be enjoined from committing similar violations in the future.

31. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Performance brings this claim on behalf of a class, consisting of all persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Citadel Equipment, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Citadel Equipment did not have an established business relationship, and (5) which did not display a proper opt out notice.

32. The class is so numerous that joinder of all members is impractical. Performance alleges on information and belief that there are more than 40 members of the class.

33. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

34. Performance will fairly and adequately protect the interests of the class. Performance has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Performance nor its counsel have any interests adverse to or in conflict with the absent class members.

35. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

WHEREFORE, Plaintiff Performance Auto Spa, Inc., individually and on behalf of all others similarly situated, respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

a. Adjudge and decree that the present case may be properly maintained as a class action, appoint Performance as the representative of the class, and appoint Performance's counsel as class counsel;

b. Award $500.00 in damages for each violation of the TCPA;

c. Enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

d. Award costs and such further relief as the Court may deem just and proper.

## COUNT II
## (VIOLATION OF THE ICFA)

36. Performance realleges paragraphs 1 through 33.

37. Defendants engaged in unfair acts and practices, in violation of 815 ILCS 505/2, by sending unsolicited fax advertisements to Performance and others.

38. Defendants engaged in unfair acts and practices in the course of trade and commerce because they sent the unsolicited fax advertisements at issue to advertise the availability of Citadel Equipment's services.

39. Unsolicited fax advertising is contrary to the TCPA and Illinois law and public policy. 720 ILCS 5/26-3(b) imposes a fine of $500 for the petty offense of transmitting unsolicited fax advertisements to Illinois residents.

40. Defendants engaged in oppressive conduct by sending a steady stream of unsolicited fax advertisements to Performance and other class members.

41. Defendants conduct causes substantial injury to Illinois consumers because they are required to bear the costs of Defendants' advertising in the form of wasted paper and ink or toner. Additionally, employees of Illinois companies must spend time sorting and discarding unsolicited fax advertisements.

42. Defendants' should be enjoined from committing similar violations in the future.

43. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Performance brings this claim on behalf of a class, consisting of all persons with Illinois fax numbers who (1) on or after three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Citadel Equipment, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Citadel Equipment did not have an established business relationship, and (5) which did not display a proper opt out notice.

44. The class is so numerous that joinder of all members is impractical. Performance alleges on information and belief that there are more than 40 members of the class.

45. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

46. Performance will fairly and adequately protect the interests of the class. Performance has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Performance nor its counsel have any interests adverse to or in conflict with the absent class members.

47. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

WHEREFORE, Plaintiff Performance Auto Spa, Inc., individually and on behalf of all others similarly situated, respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

a. Adjudge and decree that the present case may be properly maintained as a class action, appoint Performance as the representative of the class, and appoint Performance's counsel as class counsel;

b. Award actual damages;

c. Award punitive damages;

d. Enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action;

e. Award Performance its reasonable attorneys fees and costs of suit; and

f. Such further relief as the Court may deem just and proper.

PERFORMANCE AUTO SPA, INC.

By: /s/ John Auchter
　　　John Auchter

Vincent L. DiTommaso
Peter S. Lubin
John Auchter
DiTOMMASO ♦ LUBIN, P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL  60181
(630) 333-0000

Alexander I. Arezina, Esq.
728 W. Grand Ave.
Chicago, IL 60610
(312) 437-1982